In the Matter of the Estate of BERTHA ANN DINSMORE, Deceased. LULU M. STOCKDALE, Petitioner, Appellant; JOSEPH PAUL DINSMORE, Individually, Respondent.— The appellant, the only surviving sister of the respondent's intestate, was served with a citation at her residence in Oklahoma directing her to appear in the Surrogate's Court of Westchester county and show cause why certain personal property of the deceased claimed by the petitioner, administrator and husband should not be turned over to him. She defaulted in appearing, and, solely upon the testimony of the claimant, a decree was made directing the respondent, in his capacity as administrator, to turn the property over to himself in his individual capacity. Shortly thereafter the appellant petitioned the Surrogate's Court to relieve her of her default and to vacate and set aside the decree. The motion was denied. Thereupon a motion to reargue was made. That motion was likewise denied. From the combined order of denial this appeal is taken. The order of the Surrogate's Court of Westchester county, in so far as it denied the application to open the proceeding and vacate and set aside the order of December 13, 1938, and in so far as it vacated and set aside the stay contained in the order to show cause dated February 14, 1939, is reversed on the law and facts, with ten dollars costs and disbursements to the appellant, payable out of the estate, the application to open the proceeding and vacate the order of December 13, 1938, granted, without costs, and the stay contained in said order to show cause is reinstated; in so far as the order allowed the affidavit of Ralph Barry to be filed *nunc pro tunc*, it is affirmed, and the matter is remitted to the Surrogate's Court of Westchester

county for a hearing *de novo* on the merits. The appeal from the order in so far as it denies the motion for reargument is dismissed. In our opinion sufficient facts were shown to excuse the appellant's default and sufficient merit shown to require a hearing on the merits in the furtherance of justice. Lazansky, P. J., Hagarty, Carswell, Taylor and Close, JJ., concur.